UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KHAI LUONG,<br><br>               Plaintiff,<br><br>    v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,<br><br>               Defendants. | CASE NO. C19-1923RSM<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND |

This matter comes before the Court on a Motion to Dismiss brought by Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Mortgage Electronic Registration Systems, Inc. ("MERS"). Dkt. #6. Plaintiff Khai Luong has failed to oppose this Motion. Pursuant to local rule, the Court interprets this failure as an admission that the Motion has merit. *See* LCR 7(b)(2). For the reasons stated below, the Court GRANTS Defendants' Motion and dismisses all of Plaintiff's claims with leave to amend.

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted).

However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

This case was removed from King County Superior Court on November 25, 2019. Dkt. #1. Plaintiff's state court Complaint contains no facts or causes of action; it simply cites to cases in other jurisdictions dealing with foreclosures. *See* Dkt. #1-4. Attachments to Plaintiff's Complaint include certain facts and argument. As it stands, the Complaint clearly fails to satisfy Rule 8(a)'s requirement that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This must be within the Complaint itself. Under the above legal standards, dismissal of Plaintiff's claims is therefore warranted.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Both parties have submitted additional documents that shed light on what Plaintiff is claiming. Plaintiff's attachments indicate that he is claiming that Defendants are illegally foreclosing on his property and engaging in mortgage fraud, and that Defendants must "furnish the original wet ink promissory note." Dkt. #1-1 at 3.

Defendants have filed a request for judicial notice. Dkt. #7. Defendants argue that the Court can take judicial notice of "Exhibits 2, 4, and 6–8 [because] they are true and correct copies of official records of the King County Recorder's Office, whose authenticity is capable of accurate and ready determination." *Id*. at 3 (citing Fed. R. Evid. 201(b); *Castillo-Villagra v. INS*, 972 F.2d 1017, 1026 (9th Cir. 1992)). Defendants also ask to take judicial notice of documents referred to in the complaint and incorporated by reference, *see Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), as well as a death certificate issued by the State of Washington. Plaintiff has not opposed judicial notice on any of these documents. The Court agrees it can consider them.

Considering all these documents and the arguments by Defendants, the Court finds that Plaintiff should be granted one final opportunity to amend his claims. Defendants maintain that Plaintiff's claims cannot be brought against them without the participation of other parties, that his claims lack sufficient supporting facts, and that Plaintiff has waived certain claims by failing to file them before the foreclosure, but that other claims may be filed after the foreclosure. *See* Dkt. #6. There is simply too much uncertainty about exactly what Plaintiff is pleading at this point to say that Plaintiff could not amend his pleadings to bring claims that could survive immediate dismissal. Leave to amend will therefore be granted.

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendants' Motion to Dismiss, Dkt. #6, is GRANTED. Plaintiff's claims are DISMISSED.

(2) Plaintiff is granted leave to file an Amended Complaint curing the above-mentioned deficiencies **no later than thirty (30) days** from the date of this Order. This Amended Complaint will replace the existing Complaint, and it must include

specific causes of action and facts to support them. The Court will not consider facts contained outside the pleading. Failure to file an Amended Complaint within this time period will result in this case being closed.

DATED this 30 day of December, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE